IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE O. SCARBROUGH,

    Plaintiff,

V                                  Case NO. 14-
                                  Hon.

NATIONWIDE CREDIT, INC.

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff BRUCE O. SCARBROUGH by and through counsel, The Law Offices of Brian Parker, PC, brings this action against the above listed Defendant NATIONWIDE CREDIT, INC. on the grounds set forth herein:

### I.    PRELIMINARY STATEMENT

1. Plaintiff, BRUCE O. SCARBROUGH, ("SCARBROUGH" or "Plaintiff"), brings this action for the illegal practices of the Defendant NATIONWIDE CREDIT, INC. ("NATIONWIDE" or "Defendant") who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff.

2. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 *et seq.* ("FDCPA"), and Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq.*

3. The Regulation of Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to

regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

4. "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes..

5. "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

6. "Communicate" means the conveying of information regarding a debt directly or indirectly

to a person through any medium.

7. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. Sec. 1692(a) – (g).

8. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

9. Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

10. Applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable

interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test."

11. To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice of dispute and validation rights to a consumer. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16).

12. The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and RCPA and all other common law or statutory regimes. The Plaintiff requests that he be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

13. SCARBROUGH is a natural person residing in Clare. County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

14. Defendant NATIONWIDE is a Georgia professional corporation, with a Resident Agent doing business in 30600 Telegraph Road, #2345, Bingham Farms, County of Oakland, State of Michigan. The registered agent is The Corporation Company. Nationwide uses interstate commerce and the mails in a business principal purpose of which is the collection of debts. NATIONWIDE regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Nationwide is a "debt collector" as the term is defined

and/or used in the FDCPA. Nationwide is a "regulated agency" and a "licensee" as the terms are defined and/or used in the RPCA.

### III. JURISDICTION

15. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here, the plaintiff resides here, and the defendants transact business here.

### IV. LAW CONCERNING 15 U.S.C. § 1692g

16. The FDCPA, 15 U.S.C. §1692g(a) provides that:,

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) *the name of the creditor to whom the debt is owed*;
> (3) a statement that unless the consumer, within thirty days *after* receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g
>
> **(b) Disputed debts**
>
> *If the consumer notifies the debt collector in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof,* until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name

and address of the original creditor, is mailed to the consumer by the debt collector.15 USC § 1692g(a) and (b).

17. Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt collection practices - would be undermined if subsequent debt collectors were excused from complying with the requirements contained in section 1692g. *Wright v. Ocwen Loan Servicing, LLC*, 12-14762, 2013 WL 5532687, at 4-5 (E.D.Mich. Oct.7, 2013), See, also *Lewis v. Nationstar Mortgage*, F.Supp.2d —, 13-11693, 2014 WL 1089557, at 7-10 (E.D.Mich. March 18, 2014).

18. Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. *Graziano v. Harrison, 950 F. 2d 107 - Court of Appeals, 3rd Circuit 1991*.

19. When interpreting the FDCPA, we begin with the language of the statute itself, see *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980), since the intent of Congress is "best determined by the statutory language it chooses." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 495 n.13 (1985). *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

20. The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010).

21. The FDCPA states in part, "Its purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

## V. POLICIES AND PRACTICES COMPLAINED OF

22. The Defendant has sent an initial dunning letter to Plaintiff without providing Mr. Scarbrough the required 1692g notice of who the creditor is and who owns the debt and is also claiming to represent GE Capital Retail Bank-Sams Club when the debt is owned by Portfolio Recovery Associates, LLC. **Please see the letter at Exhibit 1**.

a. Using false, deceptive, or misleading representations or means in connection with the collection of any debt in falsifying the ownership of the debt.

b. Stating the debt amount owed will increase according to the agreement with the Creditor when that statement is false as GE Capital does not own the debt.

c. Defendant did not properly identify the true creditor, Portfolio Recovery Associates, LLC.

23. Defendant, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

## VI. FACTS

24. Sometime prior to April 4, 2014 Mr. Scarbrough allegedly incurred financial obligations on a GE Capital Sams Club. GE Capital would be considered the Original Creditor under 15 U.S.C. Sec. 1692b if that were true. **Please see the letter at Exhibit 1**.

25. Defendant sent Plaintiff an initial dunning letter seeking $3,700.76 from Plaintiff in stating in the letter:

> RE: GE CAPITAL RETAIL BANK-SAM'S CLUB
>
> Account Number: ****************0518
>
> Account Balance: $3,700.76
>
> Date: 04/04/2014

Because of interest, late charges, and other charges, that may vary from day to day, according to any agreement you have with your creditor the amount due on the day you pay may be greater. Therefore, if you pay the entire balance of the amount shown above, an adjustment to the balance due may be necessary after we receive your payment. If your creditor requires an additional amount to consider your entire balance paid, we will inform you. **Exhibit 1**.

26. The letter from Nationwide did not state who the current creditor is or was or who the debt was owed to. **Please see Exhibit 1**.

27. On April 20, 2014 and as he did not owe the debt, Mr. Scarbrough followed the instructions of the validation instructions of the letter and asked Nationwide to validate the debt that he disputed. **Please see Exhibit 2**.

28. Defendant did not respond to Plaintiff's request to validate.

29. Mr. Scarbrough had been previously sued and obtained a dismissal of the case against him by Portfolio Recovery Associates, LLC (PRA). The lawsuits and exhibits clearly show that PRA owned the debt as of December 2011. **Please see Exhibit 3**.

30. The alleged obligation is a "debt" as defined by 15 U.S.C. Sec. 1692a(5).

31. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. Sec. 1692a(3).

32. NATIONWIDE is a "debt collector" as defined by 15 U.S.C. Sec. 1692a(6).

33. The letter sent by NATIONWIDE was sent to PLAINTIFF in connection with the collection of a "debt" as defined by 15 U.S.C. Sec. 1692a(5). **Exhibit 1**.

34. The letter is a "communication" as defined by 15 U.S.C. Sec. 1692a(2).

35. Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b. Failing to provide Plaintiff the name of the Owner of the Debt (current creditor) and name and address of the Original Creditor in violation of 15 U.S.C. Sec. 1692g(a) in the original letter to Plaintiff.

c. Failing to properly validate the debt under 15 U.S.C. Sec. 1692g(a)(4),(5) and 15 U.S.C. Sec. 1692g(b).

d. Creating the false representation of the amount, legal status or character of the debt allegedly owed by Plaintiff under 15 U.S.C. Sec. 1692e(2)(A).

36. The FDCPA states in part, "Its purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

37. Defendants, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

38. The acts and omissions of Defendants done in connection with efforts to collect the alleged were done intentionally and willfully in violation of the FDCPA and MCPA.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

40. Defendant violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. Sec. 1692e;

b. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. Sec. 1692e(10);

c. Seeking extra and excessive costs and charges in violation of 15 U.S.C. Sec. 1692e(2)(A) in **Exhibit 1**,.

d. Contacting Plaintiff in violation of 15 U.S.C. Sec. 1692g(a)(2) in **Exhibit 1 and 3**.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Actual damages;

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d. Such further relief as the court deems just and proper.

### Count 2- Michigan Collection Practices Act

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. Defendants have violated the MCPA. Specifically:

a. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b. Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor; and

c. Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore**, plaintiff, individually and on behalf of all others similarly situated, requests that the Plaintiff is entitled to:

a. Statutory damages, trebled, for plaintiff pursuant to M.C.L. § 445.257; and

b. Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

### JURY DEMAND

Plaintiff hereby demands that this case be tried before a jury.

Dated: October 21, 2014

/s/ Brian P. Parker  
Law Offices of Brian P. Parker, P.C.  
BRIAN PARKER (P48617)  
Attorney for Plaintiff